IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LEVI MICAH BARTER,**<br><br>Petitioner,<br><br>v.<br><br>**JERRY BROWN,**<br><br>Respondent. | 1:14-cv-00007 MJS HC<br><br>**ORDER CONSTRUING MOTION FOR RECONSIDERATION AS A PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**ORDER DIRECTING CLERK OF COURT TO OPEN NEW CASE FILE FOR PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**ORDER TRANSFERRING CASE TO THE CENTRAL DISTRICT OF CALIFORNIA**<br><br>**(Doc. 13)** |

Petitioner is a state prisoner proceeding *pro se*. On December 20, 2013 Petitioner filed a petition for writ of mandamus with the Court. (ECF No. 1.) The petition was denied on March 17, 2014. (ECF No. 12.)

On March 28, 2014, Petitioner filed a motion for reconsideration. (ECF No. 13.) Rather than argue that the matter was improperly dismissed, Petitioner simply labeled a 28 U.S.C. § 2254 petition for writ of habeas corpus as a motion for reconsideration.

The federal courts have a duty to construe pro se pleadings liberally. Hamilton v. United States, 67 F.3d 761, 764 (9th Cir. 1995) (citing Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quotation omitted)). As it appears that Petitioner desires to proceed to present his claims in a petition for writ of habeas corpus, the Court will construe Plaintiff's March

1

28, 2014 motion for reconsideration as a petition for writ of habeas corpus. The Clerk of Court is hereby directed to file the motion for reconsideration as a petition for writ of habeas corpus and assign it a new case number.

Additionally, since the petition challenges a sentence from Los Angeles County, the matter is transferred to the United States District Court for the Central District of California.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

Venue for a habeas action is proper in either the district of confinement or the district of conviction. 28 U.S.C. § 2241(d). The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination. Id.

It is preferable for petitions challenging a conviction or sentence to be heard in the district of conviction while petitions challenging the manner in which the sentence is being executed be heard in the district of confinement. Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989). In this case, it appears that Petitioner is challenging a conviction from Los Angeles County, which is in the Central District of California. See 28 U.S.C. § 84. Therefore, the petition should have been filed in the United States District Court for the Central District of California. In the interest of justice, the petition will be transferred to the United States District Court for the Central District of California. 28 U.S.C. §§ 1404(a) and 2241(d).

///

///

Accordingly, IT IS HEREBY ORDERED that:

1) The motion for reconsideration is denied without prejudice;

2) The Clerk of Court is directed to file the motion for reconsideration (Doc. 13) as a petition for writ of habeas corpus and assign it a new case number; and

3) The Clerk of Court is directed to transfer the new case to the United States District Court for the Central District of California.

IT IS SO ORDERED.

Dated: April 1, 2014      /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE

3